UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REBECCA ALERS PEREZ, o/b/o S.R.A., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL ACTION NO. 2:09-1504<br><br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

<u>**MEMORANDUM OPINION**</u>

Plaintiff's mother, Rebecca Alers Perez, brings this action on behalf of her minor daughter, S.R.A. (a/k/a "S.A."), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act as amended, seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying her application for Supplemental Security Income Benefits ("SSIB"). On appeal to this Court, Plaintiff contends that the Commissioner's administrative decision disallowing her claim is not supported by substantial evidence in the record and must be reversed or remanded. Having considered the parties' filings, and the law, and for the reasons articulated below, the Commissioner's decision will be **AFFIRMED**.

1

I.      **FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

Plaintiff was born August 16, 2002. She suffered and was treated for asthma. On August 12, 2005, Plaintiff's mother filed an application for SSIB, alleging that Plaintiff was disabled due to asthma. The Commissioner denied the claim on September 27, 2005. A hearing was held before Administrative Law ("ALJ") Judge Donna A. Krappa on November 15, 2007. The Plaintiff was present and represented by an attorney; the Plaintiff's mother testified. On February 29, 2008, the ALJ issued an opinion, and she found that Plaintiff's asthma did not meet or medically equal or functionally equal a listed impairment, and, therefore, the claimant was not disabled. On January 30, 2009, the Appeals Council denied Plaintiff's request for review, effectively making the ALJ's decision the final decision of the Commission.

On March 31, 2009, Plaintiff filed in this Court a Complaint, (Doc. No. 1), bringing suit against the Commissioner of Social Security. The Commissioner filed an Answer on June 22, 2009. (Doc. No. 3). The Complaint seeks to reverse the Commissioner's decision denying benefits, or to vacate and remand the case for a new hearing. The matter has been briefed. *See* Plaintiff's Brief, (Doc. No. 7), Defendant's Brief, (Doc. No. 8).

**II.     STANDARD OF REVIEW**

A reviewing district court must affirm an ALJ's ruling if the decision was based on the correct legal standard and if the factual findings are supported by substantial evidence in the record. 42 U.S.C. §§ 405(g), 1383(c)(3); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008) (citations omitted). Although this Court conducts a plenary review of the legal issues, *see Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999), the factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings," *see Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence does not speak to the amount of evidence, but rather "such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Woody v. Sec'y of Health & Human Servs.*, 859 F.2d 1156, 1159 (3d Cir. 1988) (stating that substantial evidence is "more than a mere scintilla but may be less than a preponderance"). Under this standard of review, a court will affirm the ALJ's determination if the administrative record, in its entirety, yields such substantial evidence as would allow a reasonable mind to support the conclusions reached.

At the administrative level, where a minor is a claimant, a claimant is considered disabled if "that individual has a medically determinable physical or mental impairment,

which results in marked and severe functional limitations, and which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(c)(I). An impairment is "marked and severe" as defined by regulation. *See* 20 C.F.R. §§ 416.902, 416.906, 416.926a(a). A three-step sequential process is used to determine disability in the case of minors. First, the claimant must show the he is not working. Second, the claimant must show that he has a severe impairment or combination of impairments. And, third, the claimant must show that his impairment or combination of impairments meet or are medically equal to or functionally equal the severity of a listed impairment in the regulations. *See* 20 C.F.R. § 416.924. With regard to functional equivalence, a medically determinable impairment functionally equals a listed impairment if it results in "marked" limitations in at least 2 of the 6 defined domains[1] of functioning applicable to children or in an "extreme" limitation in at least 1 of the 6 domains. *See* 20 C.F.R. § 416.926a(b)(1). "When applying this test, the burden of proof rests on the claimant at each [of the three] step[s]." *R.J. v. Astrue*, Civil Action No. 1:08-1416, 2009 WL 2413924, at *4 (S.D. Ind. July 24, 2009) (Hamilton, C.J.).

---

[1] The six defined functional domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for one's self; and (6) health and physical well-being. *See* 20 C.F.R. 416.926a(b)(1) (defining domains).

4

## III.   ANALYSIS

On appeal to this Court, Plaintiff puts forth three arguments in support of her position. This opinion addresses each of Plaintiff's contentions in turn.

### A.   WAS THE ALJ REQUIRED TO PERFORM A COMBINATION ANALYSIS?

Plaintiff argues that the ALJ failed to make a separate combination analysis of all of the Plaintiff's impairments (including symptoms, limitations, and diagnoses) against any listed impairment. Plaintiff's Brief 6-8. This is hardly surprising. The *only* severe impairment discussed in the ALJ opinion is asthma and the ALJ considered in detail whether plaintiff's constellation of asthma related symptoms, limitations, and diagnoses met or medically equaled asthma as defined in the Commissioner's *Listing of Impairments (for children)*. *See generally* Disability Evaluation Under Social Security ¶ 103.00 Respiratory System – Childhood; *id*. ¶ 103.03 Asthma. Plaintiff's brief points to no impairments, much less severe impairments, other than asthma and points to no non-asthma related symptoms, limitation, or diagnoses.[2] In these circumstances there is nothing for the ALJ to combine in any combination analysis. *See, e.g.*, 20 C.F.R. § 404.1526(a) ("If you have more than *one impairment*, and none of them meets or equals a listed impairment, we will review" and conduct a combination analysis) (emphasis

---

[2] Plaintiff's brief recites, among other symptoms, "interstitial and peribronchial disease markings," Plaintiff's Brief 9, apparently referring to interstitial lung disease. Plaintiff's brief also states that Plaintiff suffers from "stomach retractions," *id*., however, the brief also states that this condition is connected to Plaintiff's "asthma," as opposed to an independent impairment relating to the digestive system.

5

added); *Torres v. Comm'r of Soc. Sec.*, 279 Fed. Appx. 149, 152 (3d Cir. 2008) (remanding for combination analysis where complainant alleged symptoms relating to "diabetes, Hepatitis C, back problems, headaches, chronic bronchitis, left-eye blindness, glaucoma, depression, anxiety, bipolar disorder, and personality disorder" – in other words, remanding for combination analysis where impairments are independent conditions); Plaintiff's Brief 8 (citing *Torres*, *supra*, approvingly).

As explained, the only impairment discussed in the ALJ's opinion is asthma. Plaintiff's brief fails to point to any other impairment supported by evidence in the record. In other words, not only has Plaintiff not made an *evidentiary showing* in this regard, but she has failed to *proffer* or identify any such listed impairment.[3] Absent such a proffer by Plaintiff, it would appear that any error the ALJ might have made with regard to the combination analysis would be harmless,[4] particularly where, as here, the burden of proof is on the plaintiff. *See R.J. v. Astrue*, Civil Action No. 1:08-1416, 2009 WL 2413924, at *4.

    B.    DOES PLAINTIFF'S IMPAIRMENT MEET OR EQUAL SECTION 103.03: ASTHMA, A LISTED IMPAIRMENT, FOR CHILDREN?

---

[3] *See, e.g.*, *Cosby v. Comm'r of Soc. Sec.*, 231 Fed. Appx. 140, 146 (3d Cir. May 1, 2007) (affirming ALJ's denial of benefits and noting that "[s]ignificantly, Cosby does not argue or even suggest which listing the ALJ should have applied").

[4] *See Rivera v. Comm'r of Soc. Sec.*, 164 Fed. Appx. 260, 263 (3d Cir. Jan. 31, 2006) (affirming the ALJ's otherwise conclusory analysis in step three because the error was "harmless").

6

Plaintiff also argues that the evidence in the administrative record establishes that she has met or equaled the listed impairment for asthma. Plaintiff's Brief 8-9. According to the regulations, asthma is a severe impairment if:

> A. [the claimant's] $FEV_1$ [is] equal to or less than the value specified in Table I of 103.02A;
> *or*
> B. Attacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each inpatient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.
> *or*
> C. Persistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following: 1. Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease; or 2. Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period;
> *or*
> D. Growth impairment as described under the criteria in 100.00.[5]

Plaintiff makes no argument that she has met the requirements of either subprovision (A) or (D), *supra*.

There is some evidence establishing that Plaintiff has experienced "persistent low grade wheezing, *see* subprovision (C), *supra*, but nothing in Plaintiff's brief points to

---

[5] Disability Evaluation Under Social Security, Listing of Impairments - Childhood Listings (Part B) § 103.03 (defining "Asthma"), *available at* http://www.ssa.gov/disability/professionals/bluebook/103.00-Respiratory-Childhood.htm.

7

evidence establishing either "1. Persistent prolonged expiration with radiographic or other appropriate imaging techniques evidence of pulmonary hyperinflation or peribronchial disease; or 2. Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period." Therefore, it follows that no claim founded on subprovision (C) is supported by substantial evidence in the record.

As to subprovision (B), *supra*, the ALJ found that plaintiff had five emergency room visits over the course of a twelve month period running from May 2006 to March 2007.[6] Plaintiff alleges that in addition to those five emergency room visits, there was a sixth such visit, a visit not discussed in detail by the ALJ, on October 25, 2006.[7] Six "attacks," if of appropriate severity, over the course of one year establish asthma under the regulation.[8] For a purported "attack" to constitute evidence of asthma, it must be supported by documentation, and there must be some indication of physician intervention. The documentation should indicate what treatment was administered, what the response to the treatment was, along with spirometry results. Furthermore, medical evidence of asthma should also include spirometric results obtained between attacks, establishing a

---

[6] The administrative record discusses several of Plaintiff's pre-May 2006 doctor and hospital visits. These are not discussed in Plaintiff's brief, and so they are not discussed in this opinion.

[7] Plaintiff's Brief 9, 11.

[8] *See supra* note 5, ¶ 103.03(B).

baseline in regard to airflow obstruction.[9] Plaintiff's brief fails to establish that the October 25, 2006 emergency room visit constituted an attack: the supporting documentation lists no treatment, no spirometry result is reported, and there is no baseline spirometry result from which to compare. *See* Tr. 211 (referring to events on October 24-25, 2006); Tr. 212-16 (referring to events on October 30, 2006).[10]

---

[9] Disability Evaluation Under Social Security, Listing of Impairments - Adult Listings (Part A) § 3.00C (defining "attack" as: "Episodic respiratory disease. When a respiratory impairment is episodic in nature, as can occur with exacerbations of asthma, cystic fibrosis, bronchiectasis, or chronic asthmatic bronchitis, the frequency and intensity of episodes that occur despite prescribed treatment are often the major criteria for determining the level of impairment. Documentation for these exacerbations should include available hospital, emergency facility and/or physician records indicating the dates of treatment; clinical and laboratory findings on presentation, such as the results of spirometry and arterial blood gas studies (ABGS); the treatment administered; the time period required for treatment; and the clinical response. Attacks of asthma, episodes of bronchitis or pneumonia or hemoptysis (more than blood-streaked sputum), or respiratory failure as referred to in paragraph B of 3.03, 3.04, and 3.07, are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours. The medical evidence must also include information documenting adherence to a prescribed regimen of treatment as well as a description of physical signs. For asthma, the medical evidence should include spirometric results obtained between attacks that document the presence of baseline airflow obstruction."), *available at* http://www.ssa.gov/disability/professionals/bluebook/3.00-Respiratory-Adult.htm.

[10] Plaintiff only argues that the emergency room visit on October 25, 2006 constituted an attack. But there is no record evidence indicating that Plaintiff visited an emergency room on that day. It appears she only visited a doctor's office. I.e. Chilton Pediatrics. (Tr. 211.) Plaintiff visited an emergency room on or about October 30, 2006; it appears that this is what Plaintiff was referring to, although mistakenly dating the event on October 25, 2006.

Even leaving aside the issue surrounding the number of emergency room or doctors' office visits over the course of the year, the ALJ found that these visits did not establish that Plaintiff's asthma was of listing-level severity. (Tr. 22.) Not one such visit lasted one full day or more than one full day. *Compare* Disability Evaluation Under Social Security, Listing of Impairments - Adult Listings (Part A) § 3.00C (defining "attack" as "lasting one or more days and requiring intensive treatment"), *with* Disability Evaluation Under Social Security, Listing of Impairments - Childhood Listings (Part B) § 103.03(B) (defining "Asthma" and incorporating by reference the definition of "attack" from the adult listing, *supra*). The emergency room visits were consistent with colds or asthma. Plaintiff responded to treatment when prescribed and, in most cases, returned to school the next day. Again, nothing here indicates that Plaintiff's asthma reaches listing-level severity.

Finally, Plaintiff takes issue with the ALJ's opinion for arbitrarily rejecting the opinion evidence of Dr. Quintana. The ALJ noted that "Dr. Quintana found that the claimant has a significant history of asthma with symptoms of cough, wheezing, and shortness of breath .... Dr. Quintana noted that the claimant's symptoms were reversed with asthma medications." (Tr. 25.) Indeed, Dr. Quintana's report concludes by noting

that "[i]n between attacks, [Plaintiff] is a normal 3 year old child." (Tr. 127.[11]) Again, this report, *whether relied upon or rejected*, does not come close to establishing asthma of listing-level severity.

    C.    MARKED LIMITATIONS IN TWO DOMAINS

Finally, Plaintiff asserts, in pure *ipse dixit*: "With regard to functional equivalence, the fact that plaintiff has been hospitalized so many times represents a marked limitation in the domain of health and physical well-being and a marked limitation in the ability to care for one's self. Thus plaintiff is functionally equivalent to the Commissioner's Listings as well as medically equivalent thereto." Plaintiff's Brief 11. Plaintiff's brief cites no record evidence. If there is evidence in the record supporting Plaintiff's position, the Court is unaware of its location. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs."). Moreover, Plaintiff's brief cites no law on this point. A throw-away argument left undeveloped is waived. *Conroy v. Leone*, 316 Fed. Appx. 140, 144 n.5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived).

---

[11] Both the ALJ and the Plaintiff refer to this report as Dr. Quintana's report, but the report is signed by Danilo M. Guinto, M.D. (Tr. 133.) Of course, this does not change the legal analysis.

On the merits, the ALJ's finding that the Plaintiff has "no limitation in the ability to care for herself" is supported by substantial evidence in the record. (Tr. 30.) The ALJ supports his conclusion by citing record evidence indicating that the Plaintiff "cooperates in getting dressed. She can brush her teeth, drink from a cup and undress herself." (Tr. 73.) Plaintiff points to no evidence contradicting this evidence or to any evidence in the record that the ALJ failed to consider in regard to this point. Only one other domain is disputed by Plaintiff as applicable here, i.e., "health and physical well-being." (Tr. 11.) In regard to this domain, Plaintiff only asserts "marked" limitation, not extreme limitation. Marked limitation in one domain is insufficient, as a matter of law, to establish functional equivalence.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that the ALJ's analysis is supported by substantial evidence in the record. Consequently, the Commissioner's decision denying SSIB to Plaintiff is **AFFIRMED**. An appropriate order accompanies this Memorandum Opinion.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**

DATED: December 9, 2009